**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NOEL THOMAS,

    Plaintiff,

v.                                                      Case No: 8:18-cv-2497-T-36CPT

FLORIDA HIGHWAY SAFETY AND
MOTOR VEHICLES, FLORIDA
(DHSMV) INSPECTOR GENERAL, MIKE
STACY, STEPHANIE D. DUHART,
ALABAMA LAW ENFORCEMENT
AGENCY, DEENA PREGNO, CHARLES
WARD and HAL TAYLOR,

    Defendants.

_____

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Christopher P. Tuite on February 14, 2019 (Doc. 7). In the Report and Recommendation, Magistrate Judge Tuite recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be denied and that his Complaint (Doc. 1) be dismissed without prejudice and with leave to amend. Plaintiff filed an Objection to the Report and Recommendation (Doc. 9) and an Amended Complaint (Doc. 10) on February 27, 2019. Upon consideration of the Report and Recommendation, Plaintiff's Objection, and upon this Court's independent examination of the file, the Court will overrule Plaintiff's Objection and adopt the Report and Recommendation. In addition, the Court will dismiss Plaintiff's Amended Complaint and afford Plaintiff a final opportunity to amend.

    **I.    BACKGROUND**

*Pro se*[1] plaintiff Noel Thomas ("Plaintiff") filed his initial complaint (the "Complaint") alleging four causes of action against eight entities and individual defendants, including Florida state and Alabama state agencies and their representatives. Doc. 1. Plaintiff alleges the following.[2]

In 1987, Plaintiff was in a car accident with another party in Gulf Breeze, Florida. *Id.* at p. 2. Dissatisfied with the insurance settlement stemming from that accident, the other party sued Plaintiff in 1989, by which time Plaintiff had been incarcerated. *Id.* When the attorney representing the other party attempted to have Plaintiff sign certain unspecified legal documents, Plaintiff refused. *Id.*

Upon his release from prison in 1994, Plaintiff renewed his driver's license without any issues. *Id.* He maintained his driving privileges until 1998, when the Alabama DMV informed him by way of a letter that it had placed a hold on his license. *Id.* The letter, however, did not offer any explanation for this decision. *Id.*

Plaintiff thereafter sought information on the matter and, weeks later, learned from the Alabama and Florida DMVs that the hold was the result of a default judgment that had been issued against him. *Id.* at p. 3. These entities did not provide Plaintiff with any documentation to support the judgment, and his subsequent efforts over a number of years to obtain such materials proved fruitless. *Id.* In 2009, Plaintiff received a jaywalking citation and was informed by the Florida DMV that it would continue to deny him driving privileges based on this infraction. *Id.*

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

[2] The Court, having independently reviewed Plaintiff's Complaint, adopts the relevant facts from the R&R, which sets forth a cohesive summary of Plaintiff's allegations. Plaintiff makes no objection to the Magistrate Judge's factual summary. *See* Doc. 9 at pp. 3, 5.

In June 2018, after the passage of another nine years, Plaintiff wrote to the Defendant Florida Department of Highway Safety and Motor Vehicles ("DHSMV") and to Deena Pregno ("Pregno"), an official with Defendant Alabama Law Enforcement Agency ("ALEA"), explaining his situation and seeking information to support the denial of his driving privileges. *Id.* Pregno responded that same month, stating that the basis for the hold was that Plaintiff had both a Florida and an Alabama driver's license in 1998. *Id.* Plaintiff requested documentation supporting this allegation, but Pregno did not meaningfully respond. *Id.*

Plaintiff then made inquiries to Hal Taylor, the ALEA Secretary; Charles Ward, the ALEA Acting Director; and Julie Leftheris ("Leftheris"), Florida DHSMV Inspector General. *Id.* Plaintiff received a reply from Leftheris, who stated that the matter had been referred to the same officials with whom Plaintiff already had unsuccessfully sought an explanation and supporting documentation. *Id.*

Sometime thereafter, Pregno sent Plaintiff an email, advising him that his driving privileges had been restored and that he could apply for a Florida driver's license. *Id.*

Following Pregno's email, Plaintiff sent letters in August 2018 to a number of Florida agencies and officials, requesting that they investigate "the illegal hold put on his driver's license." *Id.* The DHSMV responded later that month, focusing on an unrelated issue with Plaintiff's identification card. *Id.* at pp. 3-4. A subsequent letter from the Florida Attorney General in September 2018 informed Thomas that the matter was being referred to the DHSMV. *Id.*

Plaintiff sets forth four claims against defendants for fraud, conspiracy, negligence of duty, and discrimination based upon race. *Id.* at pp. 1, 2, 4-6. The Magistrate Judge construed Plaintiff's claims as claims for conspiracy to deprive Plaintiff of his rights to due process and equal protection under 42 U.S.C. § 1983 and state-law torts of fraud and negligence.

Along with the Complaint, Plaintiff filed an application to proceed in the district court without prepaying fees or costs, which the Magistrate Judge construed as a Motion for Leave to Proceed *in forma pauperis* (the "IFP Motion"). Doc. 2. Upon review, the Magistrate Judge filed a Report and Recommendation ("R&R"), recommending that Plaintiff's IFP Motion be denied and that his Complaint be dismissed without prejudice and with leave to amend. Doc. 7. In the R&R, the Magistrate Judge concluded that Plaintiff's Complaint suffered from various pleading deficiencies. The Complaint: (1) fails to sufficiently articulate the factual basis for each defendant's liability, therefore depriving defendants of the opportunity to mount a meaningful response; (2) includes each preceding factual allegation in each count, resulting in a "shotgun pleading"; and (3) fails to articulate Plaintiff's fraud claim pursuant to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

The Magistrate Judge also concluded that Plaintiff fails to state section 1983 claims because he fails to: (1) state that his claims are against "persons" as defined under the statute; (2) plead that the defendants communicated with each other and reached an "understanding" to deny Plaintiff his rights; (3) adequately plead a violation of his right to substantive or procedural due process; and (4) provide facts tending to show that the defendants discriminated against Plaintiff on the basis of race.

The Magistrate Judge further concluded that even if Plaintiff's claims were well pleaded, the state agency defendants and individual defendants, in their official capacities, would be shielded from this lawsuit based on the doctrine of Eleventh Amendment immunity. Finally, the Magistrate Judge noted that Plaintiff's state law claims cannot be maintained in this Court without a viable federal claim.

Plaintiff filed an objection (the "Objection") to the R&R, arguing that his Complaint meets the relevant pleadings standards. Doc. 9. At the time he filed his Objection, Plaintiff also filed an Amended Complaint. Doc. 10.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

To commence a civil action, a complaint must be filed. Fed. R. Civ. P. 3. In a complaint, claims founded on a separate transaction or occurrence must be stated in a separate count if doing so would promote clarity. Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty.*

*Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806, n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

### III. DISCUSSION

Plaintiff's Objection generally voices disagreement with the Magistrate Judge's assessment of his Complaint and quarrels with the law that the Magistrate Judge cites in support thereof. Plaintiff contends that the Magistrate Judge's analysis is incorrect because the Magistrate Judge is holding Plaintiff's *pro se* pleading to the same standard as that of licensed attorneys and is requiring that Plaintiff "show and prove the factual basis for his allegations" even though Plaintiff has not had the opportunity to engage in factual discovery or attend an evidentiary hearing.

Plaintiff states that the Magistrate Judge, in reciting Plaintiff's factual allegations, found that Plaintiff showed there is a "possibility" of a potential conspiracy. Doc. 9 at p. 5. Because the Magistrate Judge found there is such a possibility, Plaintiff argues, it does not make sense that the Magistrate Judge also found that Plaintiff fails to set forth facts that satisfy the requisite pleading standards. *Id.* Plaintiff further argues that the Magistrate Judge's assessment that the defendants are immune from suit under the Eleventh Amendment is "sad and insulting" and "totally illogical." *Id.* at p. 4.

Upon careful review, the Court agrees with the Magistrate Judge that the Complaint is inadequate because it does not meet the minimal pleading requirements and does not state a cognizable claim under federal law. Plaintiff fails to meet the minimal pleading standards required of both licensed attorneys and *pro se* litigants. *Pugh*, 846 F. Supp. at 61 (requiring that *pro se* litigants meet minimal pleading standards). Plaintiff also fails to connect his factual allegations with any relevant law, resulting in an inability to state any cognizable claims. Plaintiff expresses disagreement with the defendants' decisions and explanations regarding Plaintiff's driver's license, but does not connect those actions with one or more legal causes of action other than by conclusion.

That Plaintiff can "possibly" state a claim is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (There must be "more than a sheer possibility that a defendant has acted unlawfully."). Plaintiff must, at a minimum, "nudge" his claims "across the line from conceivable to plausible." *Id.* at 681. While Plaintiff need not offer any evidence or otherwise prove his claims at this stage, he must assert enough factual matter, assumed true, that would allow the court "to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 678.

Moreover, as the Magistrate Judge correctly explained, even if Plaintiff's claims were well pleaded, the state agency defendants and individual defendants, in their official capacities,[3] would be shielded from this lawsuit based on the doctrine of Eleventh Amendment immunity. Plaintiff's personal disagreement with the sensibility of the relevant laws is no reason for the Court to sustain Plaintiff's Complaint.

Although it provides some additional factual allegations, Plaintiff's Amended Complaint continues to suffer many of the same defects as his original Complaint. For example, the Amended Complaint continues to incorporate all preceding allegations into each cause of action, continues

---

[3] Plaintiff does not indicate in what capacity he sues the individual defendants.

to name all defendants in each count, and continues to name defendants that would apparently be immune to suit under the Eleventh Amendment. However, because Plaintiff filed an Objection to the R&R at the same time he filed his Amended Complaint, it is unclear to the Court whether Plaintiff's Amended Complaint was filed in an effort to correct the deficiencies noted in the R&R. Because it is not clear that Plaintiff has had adequate opportunity to consider the Court's directives and attempt to correct his pleading, the Court will allow Plaintiff another opportunity to amend.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Objection to the Report and Recommendation is **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 7) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects. It is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 8) are **DISMISSED** without prejudice.

4. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** without prejudice to being refiled when Plaintiff files a Second Amended Complaint.

5. Plaintiff shall file a Second Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Order. Failure to file the Second Amended Complaint by the deadline will result in dismissal of this case without further notice.

**DONE AND ORDERED** at Tampa, Florida on April 18, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Christopher P. Tuite

All Parties of Record