# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NOEL THOMAS,

    Plaintiff,

v.                                                    Case No: 8:18-cv-2497-T-36CPT

FLORIDA HIGHWAY SAFETY AND
MOTOR VEHICLES, FLORIDA
(DHSMV) INSPECTOR GENERAL, MIKE
STACY, STEPHANIE D. DUHART,
ALABAMA LAW ENFORCEMENT
AGENCY, DEENA PREGNO, CHARLES
WARD and HAL TAYLOR,

    Defendants.

## **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Christopher P. Tuite (Doc. 12) ("R&R"). In the R&R, Magistrate Judge Tuite recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) (the "IFP Motion") be denied and that his Second Amended Complaint (Doc. 11) be dismissed. Plaintiff filed an Objection to the R&R (Doc. 13) (the "Objection"). Upon consideration of the R&R, the Objection, and upon this Court's independent examination of the file, the Court will overrule Plaintiff's Objection, adopt the R&R, deny Plaintiff's IFP Motion, and dismiss the Second Amended Complaint.

### I.   BACKGROUND

*Pro se*[1] plaintiff Noel Thomas ("Plaintiff") initiated this action on October 9, 2018, filing a four-count Complaint for fraud, conspiracy, negligence of duty, and discrimination based upon

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North

race against various Florida and Alabama state agencies and their representatives. Doc. 1. Plaintiff's claims relate to an alleged conspiracy by defendants to deny him driving privileges.

Along with the Complaint, Plaintiff filed the IFP Motion. Doc. 2. Upon review, the Magistrate Judge filed a report and recommendation ("first R&R"), recommending that Plaintiff's IFP Motion be denied and that his Complaint be dismissed without prejudice and with leave to amend. Doc. 7. In the first R&R, the Magistrate Judge concluded that Plaintiff's Complaint suffered from various pleading deficiencies. The Complaint: (1) failed to sufficiently articulate the factual basis for each defendant's liability, therefore depriving defendants of the opportunity to mount a meaningful response; (2) included each preceding factual allegation in each count, resulting in a "shotgun pleading"; and (3) failed to articulate Plaintiff's fraud claim pursuant to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

The Magistrate Judge also concluded that Plaintiff failed to state section 1983 claims because he failed to: (1) state that his claims are against "persons" as defined under the statute; (2) plead that the defendants communicated with each other and reached an "understanding" to deny Plaintiff his rights; (3) adequately plead a violation of his right to substantive or procedural due process; and (4) provide facts tending to show that the defendants discriminated against Plaintiff on the basis of race.

The Magistrate Judge further concluded that even if Plaintiff's claims were well pleaded, the state agency defendants and individual defendants, in their official capacities, would be shielded from this lawsuit based on the doctrine of Eleventh Amendment immunity. Finally, the

---

Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer." In addition, the Federal Bar Association has published a resource titled, "Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants," which may be found at https://www.fedbar.org/for-the-public/.

Magistrate Judge noted that Plaintiff's state law claims could not be maintained in this Court without a viable federal claim.

Plaintiff filed an objection (the "first objection") to the first R&R, arguing that his Complaint met the relevant pleadings standards. Doc. 9. At the same time he filed his first objection, Plaintiff also filed an Amended Complaint. Doc. 8. The Court reviewed Plaintiff's first objection, the first R&R, and the Amended Complaint. The Court overruled Plaintiff's first objection, finding that the Magistrate Judge's reasoning in the first R&R was correct. Doc. 10. The Court also noted that Plaintiff's Amended Complaint continued to suffer many of the same defects as the original Complaint. *Id.* Nonetheless, because it was unclear to the Court whether Plaintiff's Amended Complaint was filed in an effort to correct the deficiencies noted in the first R&R, the Court allowed Plaintiff another opportunity to amend. Plaintiff filed his Second Amended Complaint on April 30, 2019.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

To commence a civil action, a complaint must be filed. Fed. R. Civ. P. 3. In a complaint, claims founded on a separate transaction or occurrence must be stated in a separate count if doing so would promote clarity. Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806, n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

### III. DISCUSSION

Upon review, the Court agrees with the Magistrate Judge that Plaintiff's Second Amended Complaint is minimally changed and continues to suffer from the same defects as the previous complaints. The Second Amended Complaint again falls short of the basic pleading requirements, is vague and conclusory and lacks plausibility, fails to satisfy the heightened pleading requirements

of Rule 9(b), continues to assert claims barred by the Eleventh Amendment, and fails to cure other substantive defects. Doc. 12 at pp. 5-10.

To the extent Plaintiff makes specific objections to the R&R, they are frivolous. Plaintiff again argues with the law and procedure that the Court cites, voices general disagreement with the Court's assessment of his pleading, and argues that he is being held to standards the same as or higher than an attorney. The Court previously addressed these concerns at length. Doc. 7; Doc. 10; Doc. 12. Plaintiff's Second Amended Complaint is due to be dismissed. Accordingly, it is now **ORDERED:**

1. Plaintiff's Objection to the Report and Recommendation (Doc. 13) is **OVERRULED.**

2. The Report and Recommendation of the Magistrate Judge (Doc. 12) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects. It is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Second Amended Complaint (Doc. 11) is **DISMISSED.**

4. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED.**

5. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida on January 13, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Christopher P. Tuite
All Parties of Record